## MELLEN v. MELLEN et al.

*(Supreme Court, General Term, First Department.* February 18, 1892.)

BILL OF PARTICULARS—WHEN DENIED.

> On a claim for professional services rendered by attorneys on a partition, it is not error to refuse to compel them to make and serve a bill of particulars, where the claim is based on services in but one action, the affidavits used state generally the nature of the services rendered, and the client will, upon a reference as to the claim, have ample opportunity to fully inquire into all its particulars.

Appeal from special term, New York county.

Action by Sarah E. Mellen against Abner Mellen and others for partition. Plaintiff appeals from an order denying a motion for a bill of particulars of a claim of $2,000, made by A. C. & M. H. Ellis, as former attorneys for plaintiff in the action. Affirmed. For former reports, see 14 N. Y. Supp. 665; 16 N. Y. Supp. 887.

Argued before VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ.

*Henry Daily, Jr.,* for appellant. *Cephas Brainerd,* for respondents.

VAN BRUNT, P. J. The respondents, as attorneys for the plaintiff, commenced this action for the partition and sale of certain real estate. They remained her attorneys until July, 1889, when the appellant discontinued their services and moved for a substitution. This motion the respondents resisted, but it was granted on condition of the plaintiff giving a bond, in $2,000, conditioned for the payment of whatever amount might be found due to the respondents, and a reference was ordered to take proof of the services alleged to have been rendered in and about this action. Before the matter was brought to a hearing, this motion was made for a bill of particulars of the claim of the respondents for professional services alleged by them to have been rendered for the plaintiff, and of the disbursements made for her in and about this action. This was denied upon the ground that they would have ample opportunity before the referee to ascertain the particulars of the respondent's claim. We see no reason for interfering with this order. The services which the respondents claimed to have rendered were in and about this action, and none other. They have stated, generally, the nature of those services, in the affidavits which have been furnished by them in these proceedings, and they will be required to prove before the referee the services rendered, and their value; and the plaintiffs will have an opportunity to cross-examine the respondents in respect to the services so rendered. They will then be fully informed of the particulars of the respondents' claim, and

will undoubtedly be afforded a reasonable opportunity to meet the claim, if they have any evidence whatever to adduce in opposition thereto. The order should be affirmed, with $10 costs and disbursements. All concur.