## DACEY v. FOGEL.

(Supreme Court, Appellate Division, First Department. April 7, 1911.)

PLEADING (§ 317*)—BILL OF PARTICULARS—WHEN AUTHORIZED.

Where the claim of an attorney, who asserts a lien on his client's papers for his services in an action, and in other matters, is sent to a referee to determine the amount of the claim, the client, apprised of the general nature of the claim, is not entitled to a bill of particulars, since the attorney must prove the services and their value, subject to the right of the client to cross-examine, and to reasonable adjournments to meet the evidence.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

Appeal from Special Term, New York County:

Action by Cornelius Dacey against Rube R. Fogel. From an order requiring Theodore Prince, asserting a lien for services as attorney for defendant, to furnish a bill of particulars, he appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Henry S. Dottenheim, for appellant.
Sol. Kohn, for respondent.

MILLER, J. The defendant in this action moved for a substitution of attorneys. The appellant asserted a lien upon the papers in his possession for services rendered in this action and in other matters. As a condition of the substitution and the delivery of the papers in the appellant's possession, the court ordered a reference to determine the amount of the appellant's claim for services. Before the hearing the motion resulting in the order appealed from was made.

The office of a bill of particulars is to amplify a pleading. The respondent has already been apprised of the general nature of the appellant's claim. The appellant will have to prove before the referee the services rendered and their value. The respondent will have an opportunity to cross-examine him, and, after his claim has been fully disclosed, will, of course, be granted any reasonable adjournment necessary to meet it. Under such circumstances we can see none but an ulterior purpose to be served by requiring a bill of particulars. See Mellen v. Mellen, 17 N. Y. Supp. 866.†

The order should be reversed, with $10 costs and disbursements, and the motion denied, with costs. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 63 Hun, 631.